**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID CARLETON, | No. 08-56183 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01655-DSF-SS |
| v. | |
| COUNTY OF LOS ANGELES, a unit of local government under the laws of the State of California, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 3, 2010
Pasadena, California

Before: SCHROEDER, RYMER and WARDLAW, Circuit Judges.

David Carleton appeals orders dismissing some of his claims and granting

summary judgment as to others in favor of the County of Los Angeles, Office of

the Alternate Public Defender (APD), and Janice Fukai in his action under Section

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1983 arising out of his employment as Chief Deputy and Division Chief of the APD. We affirm on the merits, but vacate in part the order awarding attorney's fees.

I

Carleton maintains that his substantive due process rights were violated when he suffered psychological harm from being relegated to Division Chief in Bixel. However, this was neither alleged in Carleton's pleadings nor raised in any form in district court, so we decline to consider it. In any event, the argument lacks authority in support.

Carleton also posits that Fukai's treatment amounted to a stigma that prevents him from performing legal management positions. This fails because Carleton was not denied the right to engage in his chosen profession, the practice of law, which is the relevant universe – not legal management. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 873 (9th Cir. 1998) (holding that while "there is a centuries-old concept of liberty of occupation . . . there is no similar notion of liberty of position or rank within an occupation"). Indeed, Carleton still holds a legal position in APD, from which it follows that there is no deprivation of liberty. *Id.* (so holding *a fortiori* "when even the person's current job is still available to him").

Finally, Carleton submits that he was constructively discharged, but his position as Chief Deputy was at will and he is still employed as Division Chief. The doctrine applies to an employee's reasonable decision to quit rather than endure intolerable conditions. *See, e.g.*, *Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007) ("Under the constructive discharge doctrine, an employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes.") (internal quotation marks omitted). There is no cognizable right to stay put, as Carleton had done for four years at the time of suit, yet sue for constructive discharge or to prevent a constructive discharge from happening. Because Carleton did not feel compelled to resign by his working conditions, no constructive discharge claim exists and no relief could be granted. *Id.* at 1185 (holding that continuing to work for five months before deciding to retire and three months thereafter "[a]s a matter of law, [] are not the actions of someone who finds his working conditions so intolerable that he felt compelled to resign").

## II

Carleton's equal protection claim was based on a "class of one" and is foreclosed by *Engquist v. Oregon Department of Agriculture*, 128 S. Ct. 2146 (2008).

III

Applying the approach outlined in *Eng v. Cooley*, 552 F.3d 1062, 1070-72 (9th Cir. 2009), and guided by *Desrochers v. City of San Bernardino*, 572 F.3d 703 (9th Cir. 2009), we agree with the district court that Carleton's First Amendment retaliation claim falls short. His speech, an internal Request for Review, involved matters of personal interest rather than public concern. *Desrochers*, 572 F.3d at 709, 710, 715. He was speaking as a disgruntled employee. Although the last sentence charged that the APD as a whole was affected negatively by Fukai's management, that charge was conclusory and overall, the Request plainly had to do with Carleton's dispute with Fukai over his duties as Chief Deputy and alleged third-party sexual harrassment that he asserted led to his being left with almost nothing to do. The point of his Request was to get his job back or his duties restored. For these reasons, as a matter of law, Carleton failed to carry his burden of showing that the Request for Review addressed an issue of public concern. Thus, the speech upon which his claim is based is unprotected.[1]

IV

---

[1] Given this disposition, it is unnecessary to consider whether Fukai is entitled to qualified immunity.

The district court did not abuse its discretion in awarding the County attorney's fees incurred in moving three times to dismiss Carleton's due process claim, for, as it concluded, that claim was frivolous from its inception. The court also awarded fees incurred in successfully seeking summary judgment, limited to work on the issue of whether any adverse action was taken against Carleton. (The court recognized that it was not frivolous for Carleton to proceed on the belief that his speech might be protected.) The basis for the ruling was that Carleton disputed no facts asserted by the County, so persisting in the claim was frivolous. On this we disagree, as Carleton did dispute reasonable inferences that could be drawn from the undisputed historical facts. Accordingly, we vacate the order to the extent it awards fees greater than the $20,000 attributable to the due process claim. Each party shall bear its own costs on appeal.

AFFIRMED IN PART; REVERSED AND VACATED IN PART.